24-2359
Diaz Pulig v. Blanche

BIA
Chung, IJ
A246 265 111/112/113

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of April, two thousand twenty-six.

PRESENT:
> REENA RAGGI,
> JOSEPH F. BIANCO,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

JOSSELYN DANIELA DIAZ PULIG,
N.J.A.D., D.J.A.D.,
> *Petitioners,*

> v.                                                     **24-2359**
>                                                        **NAC**

TODD BLANCHE, ACTING UNITED
STATES ATTORNEY GENERAL,
> *Respondent.**

_____

* The Clerk of Court is respectfully directed to amend the caption as set forth above.

**FOR PETITIONERS:**   Reuben S. Kerben, Esq., Kerben Law Firm, P.C., Kew Gardens, NY.

**FOR RESPONDENT:**   Yaakov M. Roth, Acting Assistant Attorney General; Robert D. Tennyson, Senior Litigation Counsel; Remi Da Rocha-Afodu, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Josselyn Daniela Diaz Pulig and her two minor children, natives and citizens of Ecuador, seek review of an August 23, 2024, decision of the BIA affirming an April 11, 2024, decision of an Immigration Judge ("IJ") denying Diaz Pulig's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] *In re Diaz Pulig, et al.*, Nos. A246-265-

---

[1] We principally refer to Diaz Pulig because her children are derivative asylum beneficiaries and did not file independent applications.   We do not address the merits of Diaz Pulig's CAT claim because it is both abandoned and unexhausted, as she does not challenge either the BIA's determination that she waived that claim by failing to address it on appeal or the IJ's finding that she failed to meet her burden of proof.   *See Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it."); *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (considering

111/112/113 (B.I.A. Aug. 23, 2024), *aff'g* Nos. A246-265-111/112/113 (Immig. Ct. N.Y.C. Apr. 11, 2024). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law de novo. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 141 (2d Cir. 2008). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

To establish eligibility for asylum or withholding of removal, Diaz Pulig had to show that she suffered past persecution or has a well-founded fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for" the persecution. 8 U.S.C. § 1158(b)(1)(B)(i); *id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b),

---

"abandoned any claims not adequately presented in an appellant's brief" (quotation marks omitted)); *Prabhudial v. Holder*, 780 F.3d 553, 555–56 (2d Cir. 2015) (when the BIA deems an issue waived, our review "is limited to whether the BIA erred in deeming the argument waived").

1208.16(b); *see Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022); *Chavez-Suntaxi v. Bondi*, No. 23-7216, 2025 WL 2155150, at *1 (2d Cir. July 30, 2025) (summary order) ("[T]he 'one central reason' standard applies to both asylum and withholding of removal."). To prevail on a particular social group claim, she also had to establish that her proposed groups were cognizable, which requires a showing that members of the group share "a common immutable characteristic," that the group is "defined with particularity," and that it is "socially distinct within the society in question." *Paloka v. Holder*, 762 F.3d 191, 196 (2d Cir. 2014) (quoting *Matter of M–E–V–G–*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)). Particularity requires that the group be "defined by characteristics that provide a clear benchmark for determining who falls within the group" and that membership not be "amorphous, overbroad, diffuse, or subjective." *Id*. Social distinction requires that "society as a whole views a group as socially distinct." *Id.*

The agency did not err in concluding that Diaz Pulig failed to make the required showing of nexus to a cognizable particular social group. *See id.* at 195 (cognizability of a particular social group is a legal determination reviewed de novo); *Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282–83 (2d Cir. 2006) (reviewing nexus determination for substantial evidence). Diaz Pulig alleged past and

4

feared persecution on account of membership in two particular social groups: "vulnerable Ecuadorian women" and "crime victims and witnesses who report to law enforcement."

As to the first group, the agency found that it was not defined with particularity or socially distinct. Diaz Pulig misreads the IJ's decision as having assumed that the group is socially distinct, and fails to challenge that aspect of the IJ's decision—thereby abandoning an issue that is dispositive of cognizability. *See Debique*, 58 F.4th at 684; *Paloka*, 726 F.3d at 196. Instead, she advances a conclusory argument that this group satisfies the particularity requirement because it is well-defined, but she does not identify a "clear benchmark" for distinguishing women who are vulnerable from women generally. *Paloka*, 762 F.3d at 196. Moreover, vulnerability is a characteristic that would tend to make a person an easier target for extortion, and "[w]hen the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group.'" *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007). Diaz Pulig also argues that a group of women of a particular nationality is cognizable—but she did not propose such a group before the agency, and we will

5

not consider a new group in the first instance.[2]  *See Vera Punin*, 108 F.4th at 124; *Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 191 (B.I.A. 2018) (generally requiring an applicant to articulate "the exact delineation" of a proposed particular social group to the IJ (quotation marks omitted)).

Even if "vulnerable Ecuadorian women" were a cognizable particular social group, the record does not compel the conclusion that Diaz Pulig's membership in that group was or would be "one central reason" for the past or feared harm. 8 U.S.C. § 1158(b)(1)(B)(i).  "The applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from [a protected ground]."  *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005).  "[W]here there is more than one motive for mistreatment . . . , an applicant's status as a member of a particular social group still must be at least one of the central reasons, rather than a minor reason, for why that individual is being targeted."  *Garcia-Aranda v. Garland*, 53 F.4th 752, 757 (2d Cir. 2022).

As the Government points out, Diaz Pulig's arguments about nexus are unexhausted because she did not raise them before the BIA.  *See Vera Punin*, 108

---

[2] In arguing this point, Petitioners' counsel misattributes a quote to *Keisler v. Hong Yin Gao*, 552 U.S. 801 (2007).  The quoted language is from *Hong Yin Gao v. Gonzales*, 440 F.3d 62, 64 (2d Cir. 2006), *vacated by Keisler*, 552 U.S. 801.

F.4th at 124. They fail in any event. She points to her testimony that gangs more frequently seek to impose their authority over women; but as the agency noted, Diaz Pulig alleged that her business was successful (giving rise to a financial motive for extortion) and that the gang extorted everyone (undercutting a claim that she was singled out because of her gender), and she did not testify that gang members referred to gender. *See Quituizaca*, 52 F.4th at 114–16 (record did not compel the conclusion that a protected ground was "one central reason" for gang abuse when circumstances suggested that the gang was motivated by ordinary criminal incentives); *Melgar de Torres v. Reno*, 191 F. 3d 307, 313–14 (2d Cir. 1999) (general crime and violence in a country is not a ground for asylum or withholding of removal).

As to the second group, "crime victims and witnesses who report to law enforcement," the Government accurately points out that arguments about both cognizability and nexus are unexhausted because they were not raised before the BIA. *See Vera Punin*, 108 F.4th at 124. But even setting aside exhaustion, and assuming both cognizability and that Diaz Pulig established membership in this group (based on her testimony that she discussed the abuse with a relative who was a police officer), the record does not compel the conclusion that she

7

established the requisite nexus. Diaz Pulig did not allege that she made a formal police report or that the gang learned of her conversation with her relative, and there is therefore no basis to conclude that the gang had harmed or would harm her because of such a report. And the IJ reasonably concluded that Diaz Pulig's status as a crime victim was not a central reason for the abuse: the gang initially approached her before she was a crime victim (the crime was their extortion demand), and the IJ reasonably concluded that the harm it inflicted after that point was for the general criminal purposes of pressuring her to pay, rather than out of animosity toward crime victims. *See Quituizaca*, 52 F.4th at 114–16; *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (B.I.A. 1985) (defining persecution as harm inflicted to "punish" a person "for possessing a belief or characteristic a persecutor sought to overcome").

Because failure to show nexus to a cognizable particular social group was dispositive, we need not reach the agency's additional findings. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."); *Paloka*, 762 F.3d at 195.

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court